UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONG YEON KIM,<br><br>1250 Oakmead Parkway Dr.<br>Suite 210<br>Sunnyvale, CA 94085<br><br>and<br><br>KOREA TIMES SAN FRANCISCO, INC.<br>8134 Capwell Dr.<br>Oakland, CA 94621<br><br>Against<br><br>ANGELA KERWIN, in her official capacity as U.S. Consul General, Seoul Korea<br>188 Sejong-daero,<br>Jongno-gu, Seoul 03141 Korea<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br>111 Massachusetts Ave., NW<br>MS 2260<br>Washington, DC 20529-2260<br><br>And<br><br>KRISTINE R. CRANDALL, in her official capacity as the Acting Director of the United States Citizenship and Immigration Services' Nebraska Service Center, 850 S Street, Lincoln NE 68508<br><br>Defendants | Case No.:<br><br>COMPLAINT |

## DESCRIPTION OF ACTION

1. This is an action brought by plaintiffs, DONG YEON KIM and his prospective employer, KOREA TIMES SAN FRANCISCO, INC., to compel a decision on his application for an immigrant visa which has been pending with the Consul General in Seoul, Republic of Korea, for over one and one half years, as well as to bring to a conclusion the unspecified "processing" the United States Citizenship and Immigration Services' Nebraska Service Center has been engaged in pertaining to KOREA TIMES SAN FRANCISCO, INC., Petition for Immigrant Worker upon DONG YEON KIM's behalf.

## JURISDICTION

2. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., all laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3. The plaintiff, DONG YEON KIM, is a citizen of the Republic of Korea.

4. KOREA TIMES SAN FRANCISCO, INC is a California Domestic Stock corporation.

5. The Defendant ANGELA KERWIN is the Consul General at the U.S. Embassy in Seoul, and as such has the authority to issue immigrant visas.

6. The UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is an agency of the United States government within the Department of Homeland Security. It apparently claims the right to engage in unspecified "processing" of immigrant visa petitions.

7. KRISTINE R. CRANDALL is the Acting Director of the USCIS's Nebraska Service Center. She apparently oversees the said "processing" upon the USCIS's behalf.

## BRIEF STATEMENT OF RELEVANT FACTS

8. On November 22, 2016, the USCIS approved KOREA TIMES SAN FRANCISCO, INC'S Petition for Immigrant Worker (Form I-140) to classify plaintiff DONG YEON KIM as immigrant under 203(b)(3) of the Immigration and Nationality Act (INA) in File No. LIN1703250482.

9. On July 31, 2017, DONG YEON KIM was interviewed at the U.S. Embassy in Seoul regarding his application for an immigrant visa.

10. Shortly thereafter DONG YEON KIM was informed that his case had

been sent to the USCIS's Nebraska Service Center for unspecified reasons.

11. No information has ever been received since that date regarding the status of this matter aside from the fact that the Nebraska Service Center is engaged in some unspecified "process" pertaining to it.

## COUNT I

THE CONSUL GENERAL HAS BREACHED HER DUTY TO DONG YEON KIM TO MAKE A FINAL DECISION ON HIS IMMIGRANT VISA APPLICATION WITHIN A REASONABLE TIME.

14. ANGELA KERWIN, Consul General of the U.S. Embassy in Seoul, is an officer of the United States Department of State, an agency of the United States government.

15. The Consul General of the U.S. Embassy in Seoul owes a duty to DONG YEON KIM to make a decision regarding his immigrant visa application within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

16. The over one and one half year in which this application has been pending with the Consul General of the U.S. Embassy in Seoul and her predecessors, is well beyond the time which is reasonably required to adjudicate it.

17. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the Plaintiff.

18. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

19. The Ninth Circuit has held that consulates may be required to issue or refuse a visa:

> A consular office is required by law to act on visa applications. Under 22 C.F.R. § 42.81, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provision of INA and the implementing regulations, the consular officer shall either issue or refuse the visa. Every refusal shall be in conformance with the provisions of 22 C.F.R. 40.6." In addition, the section is entitled, "Issuance or refusal mandatory."

*Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997)

## RELIEF REQUESTED

20. WHEREFORE it is respectfully requested that the Court find that an adjudication of DONG YEON KIM's application for a visa to have been

unreasonably delayed and compel Defendant, the Consul General of the U.S. Embassy in Seoul, to adjudicate DONG YEON KIM'S application for an immigrant visa in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

COUNT II

THE USCIS AND THE DIRECTOR OF ITS NEBRASKA SERVICE CENTER HAVE BREACHED THEIR DUTY TO PLAINTIFFS TO "PROCESS" THE IMMIGRANT VISA PETITION APPROVED UPON MR. KIM'S BEHALF

14. The UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and KRISTINE R. CRANDALL, in her official capacity as the Acting Director of the United States Citizenship and Immigration Services' Nebraska Service Center, both owe a duty to DONG YEON KIM and KOREA TIMES SAN FRANCISCO, INC. to "process" KOREA TIMES SAN FRANCISCO, INC.'s Petition for Immigrant Worker upon behalf of DONG YEON KIM within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

15. This petition has been pending The UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and KRISTINE R. CRANDALL, in her

official capacity as the Acting Director of the United States Citizenship and Immigration Services' Nebraska Service Center, well beyond the time which is reasonably required to "process" it.

16. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the Plaintiff.

17. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

## RELIEF REQUESTED

18. WHEREFORE it is respectfully requested that the Court find that the "processing" of KOREA TIMES SAN FRANCISCO, INC.'s Petition for Immigrant Worker upon behalf of DONG YEON KIM to be unreasonably delayed and compel said Defendants to complete its "processing" of this petition in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

Dated this 25th day of June, 2018

s/ Michael E. Piston MI 002
Attorney for the Plaintiffs
225 Broadway Ste 307
New York, NY 10007
646-845-9895
Fx: 206-770-6350